

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-20-2008

# Andokho v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4817

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Andokho v. Atty Gen USA" (2008). *2008 Decisions*. Paper 1196.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1196

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 06-4817
_____

MULIANAWATI ANDOKHO,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A97-976-157)
Immigration Judge:  Honorable Charles M. Honeyman

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
MAY 7, 2008

Before:    SLOVITER, STAPLETON AND COWEN, Circuit Judges

(Opinion filed: May 20, 2008)
_____

OPINION
_____

PER CURIAM

Mulianawati Andohko, a native and citizen of Indonesia, petitions for review of a

decision by the Board of Immigration Appeals ("BIA") dismissing her appeal of an

immigration judge's denial of her application for asylum, withholding of removal, and

relief under the Convention Against Torture. For the following reasons, we will deny the petition for review.

Andokho is an approximately forty-five-year-old unmarried female of Chinese ethnicity. She was admitted to the United States in 2003 as a non-immigrant visitor with authorization to remain in the United States until November 30, 2003, but stayed beyond that date. On February 11, 2004, Andohkho was served with a Notice to Appear charging her with being subject to removal pursuant to Immigration and Nationality Act (INA) § 237(a)(1)(B), 8 U.S.C. § 1227, for remaining in the United States beyond the authorized time. Andokho applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

In support of her application, Andokho testified before the Immigration Judge ("IJ") that she was psychologically traumatized by her experience during the May1998 riots in Indonesia and as a result of other incidents. On May 15, 1998, she was in her office in Jakarta when violence broke out near her building. She escaped from her office building and hid in a nearby apartment complex. After a period of time, Andokho left her hiding place and went to a nearby hotel where she stayed for three days. Andokho was not physically attacked or injured during the May 1998 riots. Andokho also claimed to have been impacted psychologically by another riot at a university where students were killed. Andokho was apparently disturbed after seeing blood stains on the campus after the incident. Andokho claimed she was further traumatized when she found out that a

2

bomb had exploded in the parking lot where she herself had been one week before. Andokho also testified about being upset by reports of church bombings and rapes, as well as by various anonymous threats she received.

As a result of these events, Andokho testified that she became depressed. She went to see a doctor in Indonesia, who prescribed her vitamins. In 2002, Andokho's boss gave her some time off for a vacation so that she could come to the United States. After remaining in the United States for less than a month, she returned to Indonesia. When her depression recurred, she returned to the United States a year later in 2003. As of the time of her hearing before the IJ, Andokho had not yet sought psychological counseling in the United States.

The IJ denied Andokho's application for asylum, withholding of removal, and relief under CAT. The IJ found Andokho to be credible, but determined that she had not suffered past persecution. The IJ concluded that Andokho did not qualify as a refugee because the psychological harm she suffered as a result of the May 1998 riots "has no nexus to her in terms of any persecutor targeting her individually." The IJ also concluded that the other incidents she described did not constitute persecution because the harm they caused was not sufficiently severe. Moreover, the IJ concluded that the anonymous threats she experienced did not constitute past persecution because they were not sufficiently imminent or threatening. In addition, the IJ concluded that Andokho had failed to establish a pattern or practice of persecution in Indonesia or a reasonable

3

probability of future persecution. In this regard, the IJ stated that there is "no pattern or practice of persecution of Chinese Christians in Indonesia according to the Third Circuit and there is nothing in this record that would disturb that finding today."[1] The IJ further observed that Andokho's family remained in Indonesia and that there was no evidence that the family had been specifically targeted.

The BIA affirmed, finding that Andokho failed to establish that she had been persecuted in the past, or that she would be persecuted in the future, "and also failed to meet the higher burdens of proof for withholding of removal and for relief under the Convention Against Torture." The BIA specifically rejected Andkho's argument that the Immigration Judge had improperly relied on Lie v. Ashcroft, 396 F.3d 530 (3d Cir. 2005). The BIA observed that the IJ had "clearly [taken] into consideration recent country reports information . . . and properly found no indication that the evidence would require a result different from the Third Circuit's decision in Lie." Following the BIA's dismissal of her appeal, Andokho filed a timely petition for review in this Court.

We exercise jurisdiction to review the BIA's final order of removal under INA § 242(a), 8 U.S.C. § 1252(a). Because the BIA appears to have substantially relied on the findings of the IJ, we have jurisdiction to review the decisions of both the BIA and the IJ. See Xie v. Ashcroft, 359 F.3d 239, 242 (3d Cir. 2004).

---

[1] The IJ took judicial notice of the 2004 Country Report on Human Rights Practices and the 2004 International Religious Freedom Report for Indonesia.

4

Our review of these decisions is for substantial evidence, considering whether they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Balasubramanrim v. INS,143 F.3d 157, 161 (3d Cir. 1998) (quotation omitted). The decisions must be affirmed "unless the evidence not only supports a contrary conclusion, but compels it." Zubeda v. Ashcroft, 333 F.3d 463, 471 (3d Cir. 2003) (quotation omitted).

The legal precepts underlying Andokho's claim are well established. To establish eligibility for asylum, an applicant must demonstrate past persecution or a well-founded fear of persecution that is both subjectively and objectively reasonable. Singh v. Gonzales, 406 F.3d 191, 195 (3d Cir. 2005). An applicant who establishes that she has suffered past persecution on account of one of the five grounds enumerated in the INA "triggers a rebuttable presumption of a well-founded fear of future persecution, as long as that fear is related to the past persecution." Id. at 196 (citing 8 C.F.R. § 208.13(b)(1)) (quotation omitted). Whereas asylum is discretionary, withholding of removal under INA § 241(b)(3)(A), 8 U.S.C. § 1231(b)(3)(A), is mandatory if the applicant meets a more stringent standard – that it is "more likely than not" that she will be persecuted on account of race, religion, nationality, membership in a particular social group, or political opinion if deported to his or her home country. Id. (quoting Lukwago v. INS, 329 F.3d 157, 182 (3d Cir. 2003)). To obtain relief under the Convention Against Torture, an applicant must establish that it is more likely than not that she would be tortured if removed to the

5

proposed country of removal. Toure v. Attorney General of the United States, 443 F.3d 310, 317 (3d Cir. 2006).

Before this Court, Andokho contends that the IJ erred in finding that her experiences did not rise to the level of past persecution because she "set forth in considerable detail the trauma she suffered as a result of being in such close proximity to the riots and [demonstrated] that ethnic Chinese were often targeted during these riots." Andokho's psychological trauma as a result of her "close proximity" to the riots of May 1998 did not constitute persecution. Persecution encompasses only grave harms such as "threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom." See Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir.1993). Andokho was not harmed during the riots and, as found by the IJ, she was not targeted directly by a persecutor. Accordingly, we conclude that the BIA's determination that she failed to establish that she suffered past persecution is supported by substantial evidence.

Nor has Andokho established a well-founded fear of future persecution. Andokho failed to show that she would be individually singled out for persecution or that there is a pattern or practice of persecution against Chinese Christians. See 8 C.F.R. § 208.13(b)(2)(iii)(A). On appeal, Andokho argues that "[a]s a Chinese Christian in Indonesia, Petitioner clearly is similarly situated to other Chinese who have been targeted because of their ethnicity." We have previously held that violence directed against

6

Chinese Christians in Indonesia "does not appear to be sufficiently widespread as to constitute a pattern or practice," Lie, 396 F.3d at 537, and agree with the BIA that the record in this case does not warrant a contrary conclusion.

Because we conclude that Andokho has failed to establish her eligibility for asylum, we necessarily conclude that she has not satisfied the more stringent requirements for withholding of removal. See Paripovic v. Gonzales, 418 F.3d 240, 246 (3d Cir. 2005). With respect to her CAT claim, Andokho has failed to demonstrate that she is likely to be tortured by, or with the acquiescence of, government officials if removed to Indonesia. See 8 C.F.R. §§ 1208.16(c),1208.18(a).[2]

For the foregoing reasons, we will deny the petition for review.

---

[2] In her petition for review, Andokho also referenced a due process claim, but this claim was not raised or discussed in her supporting brief. Therefore, we deem this claim to be waived. See Vente v. Gonzales, 415 F.3d 296, 299 n.3 (3d Cir. 2005). In any event, her due process claim is without merit.